UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DORIS JOHNSON**                                                **CIVIL ACTION**

**VERSUS**                                                       **NO: 25-973**

**SUMMIT HOTELS
INTERNATIONAL, INC. ET AL.**                                     **SECTION: "H"**

### ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Defendants have failed to adequately plead diversity jurisdiction in their Notice of Removal. Accordingly, Defendants shall amend their Notice of Removal to correct this jurisdictional defect within 20 days of the entry of this Order.

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon the Court's diversity jurisdiction.[2] Cases arising under § 1332 require

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).
[2] *See* 28 U.S.C. § 1332.

1

complete diversity of citizenship and an amount in controversy that exceeds the sum of $75,000 exclusive of interest and costs.[3]

"The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4] For purposes of diversity jurisdiction, the "citizenship of a LLC is determined by the citizenship of all of its members."[5] Accordingly, the party invoking federal jurisdiction must list each *member* and the citizenship of each member of each limited liability company to properly allege diversity of citizenship.[6] Defendants have failed to adequately plead the citizenship of Summit Hotel TRS 092, LLC.

Further, Defendants, as the removing parties, bear the burden of demonstrating that the amount in controversy requirement is met and that removal was proper.[7] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[8] In Louisiana, plaintiffs may not allege a specific amount of

---

[3] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted); 28 U.S.C. § 1332.
[4] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[5] Harvey v. Grey Wold Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).
[6] Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc., No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted); *see also* Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC, No. 12–0149, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged." (citations omitted)); Toney v. Knauf Gips KG, No. 12–638, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member]." (internal footnote and citations omitted)).
[7] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[8] *Id.*

2

damages and may be awarded relief not requested in the pleadings.[9] "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."[10] "Proving a fact by a 'preponderance of the evidence' means showing that the existence of a fact is more likely so than not."[11]

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[12]

Removal, however "'cannot be based simply upon conclusory allegations.'"[13]

On the face of Plaintiffs' state court Petition, it is not apparent that the amount in controversy exceeds $75,000. Plaintiff alleges only an injury to her left knee "and other parts of her mind and body." She seeks damages for pain and suffering, mental anguish, loss of enjoyment of life, medical bills, and loss of income. These allegations are insufficient to establish the amount in controversy where the Court does not know the extent or severity of Plaintiff's injury.

---

[9] Welch v. Occidental Fire & Cas. Co. of N.C., No. 23-5836, 2023 WL 8271613 (E.D. La. 2023) (internal citations omitted); *see also* LA. CODE CIV. P. arts. 893 & 862.
[10] DeAguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993).
[11] Reed v. LKQ Corp., 436 F. Supp. 3d 892, 898 n.1 (N.D. Tex. 2020) (citing Herman & MacLean v. Huddleston, 459 U.S. 375, 390 (1983)).
[12] Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999) (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).
[13] Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir. 2003) (quoting *Allen*, 63 F.3d at 1335).

Further, Defendants also argue that the Plaintiffs' failure to allege that the monetary value of their claims are less than $75,000, as required by Louisiana Code of Civil Procedure Article 893, is further evidence that the amount in controversy is met. "'[T]he failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy,' but [the] omission is entitled to some consideration in the jurisdictional amount inquiry."[14] Where "damage-related allegations in the Petition provide little in terms of quantifiable damages," as in Plaintiffs' state court Petition, "the fact that [Plaintiffs' allegations] are also absent of an Article 893 statement does not establish that the jurisdictional amount in controversy has been satisfied."[15] Accordingly, the Court finds that Defendant has failed to satisfy its burden in showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Defendants' failure to properly allege the requisite amount in controversy is not fatal.[16] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[17] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[18] Thus, amendment should be allowed where "'diversity

---

[14] Trahan v. Drury Hotels Co., LLC, CIV.A. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20, 2011) (citing Ford v. State Farm Mut. Auto. Ins. Co., 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009)).
[15] *Id.*
[16] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).
[17] *Id.* at 888.
[18] *Id.*

4

jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"[19] The record in this matter does not reveal, nor has any party argued, that diversity jurisdiction is not present. Accordingly, Defendants are granted leave to amend the Notice of Removal to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants have failed to adequately allege the requisite amount in controversy. Defendants are granted leave to amend the Notice of Removal within 20 days from the entry of this Order. Failure to file timely an amended notice will result in remand for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the telephone preliminary status conference is **CONTINUED** and **RESET** for December 30, 2025 at 1:40p.m. so that Defendants can comply with this Order.

New Orleans, Louisiana this 1st day of December, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).