UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DORIS JOHNSON**                                          **CIVIL ACTION**

**VERSUS**                                                 **NO: 25-973**

**SUMMIT HOTELS
INTERNATIONAL, INC. ET AL.**                               **SECTION: "H"**


**ORDER AND REASONS**

    On December 2, 2025, the Court, examining subject matter jurisdiction *sua sponte*, ordered Defendants to amend their Notice of Removal to adequately plead diversity jurisdiction.[1] The Court found that Defendants had failed to show the requisite amount in controversy. Defendants filed an Amended Notice of Removal on December 22, 2025.[2] For the following reasons, the Court finds that the amount in controversy is not met.

    Defendants, as the removing parties, bear the burden of demonstrating that the amount in controversy requirement is met and that removal was proper.[3] When determining whether federal jurisdiction exists, courts consider

---

[1] Doc. 42.
[2] Doc. 47.
[3] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

1

"[t]he claims in the state court petition as they existed at the time of removal."[4] In Louisiana, plaintiffs may not allege a specific amount of damages and may be awarded relief not requested in the pleadings.[5] "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."[6] "Proving a fact by a 'preponderance of the evidence' means showing that the existence of a fact is more likely so than not."[7]

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[8]

Removal, however "'cannot be based simply upon conclusory allegations.'"[9]

On the face of Plaintiff's state court Petition, it is not apparent that the amount in controversy exceeds $75,000. Plaintiff alleges only an injury to her left knee "and other parts of her mind and body." She seeks damages for pain and suffering, mental anguish, loss of enjoyment of life, medical bills, and loss of income. These conclusory allegations are insufficient to establish the amount

---

[4] *Id.*

[5] Welch v. Occidental Fire & Cas. Co. of N.C., No. 23-5836, 2023 WL 8271613 (E.D. La. 2023) (internal citations omitted); *see also* LA. CODE CIV. P. arts. 893 & 862.

[6] DeAguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993).

[7] Reed v. LKQ Corp., 436 F. Supp. 3d 892, 898 n.1 (N.D. Tex. 2020) (citing Herman & MacLean v. Huddleston, 459 U.S. 375, 390 (1983)).

[8] Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999) (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).

[9] Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir. 2003) (quoting *Allen*, 63 F.3d at 1335).

in controversy where the Petition does not allege the extent or severity of Plaintiff's injury.

In their Amended Notice of Removal, Defendants allege that the amount in controversy is supported by Plaintiff's medical treatment. Defendants present evidence that after the fall at issue, Plaintiff went to the emergency department where she received an x-ray of her knee, which did not show a fracture. Her bill for that visit was $1,593. A few weeks later, she visited Dr. Jonathan Wu with continued complaints of pain. Dr. Wu suspected bursitis and recommended rest and physical therapy. Plaintiff's counsel represents that Plaintiff only saw Dr. Wu once and that she has completed physical therapy. She continues to treat with acetaminophen with codeine prescribed by her primary care physician and has not had any surgical recommendation.[10] Plaintiff's counsel represents that, besides pain medication, Plaintiff has completed treatment for this injury. In support of the amount in controversy, Defendants point out that Plaintiff failed to allege that the monetary value of her claim is less than $75,000 or enter into a stipulation that her claim is less than $75,000.

The Court finds that a diagnosis of bursitis treated with physical therapy and pain medication plainly does not meet the requisite amount in controversy.[11] Defendants have the burden of proving that Plaintiff's claim

---

[10] Plaintiff's counsel also indicates that Plaintiff was already taking this medication for arthritis prior to the fall.

[11] *See* Hill v. DG Louisiana, LLC, No. CV 21-325-BAJ-EWD, 2022 WL 3146554, at *5 (M.D. La. July 1, 2022), report and recommendation adopted, No. CV 21-325-SDD-EWD, 2022 WL 3142339 (M.D. La. Aug. 5, 2022) (holding that amount in controversy was not met where Plaintiff had low back and knee pain, including lumbosacral facet joint syndrome, sacroiliitis, three herniated discs, and multiple bulging discs; had undergone three transforaminal ESIs,

exceeds $75,000, and they have presented the Court with one bill totaling $1,593.[12] Further, "the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy," especially where, as here, the facts support an amount in controversy that is plainly less than that amount.

## CONCLUSION

For the foregoing reasons, Defendants' Amended Notice of Removal failed to cure the jurisdictional deficiencies previously identified by this Court, and the Court therefore *sua sponte* **REMANDS** this action to state court for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the telephone status conference set for December 30, 2025 is **CANCELED**.

New Orleans, Louisiana this 29th day of December, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

and was "pending" a fourth transforaminal ESI and expected medical expenses were $22,265).

[12] *See* Johnson v. Kroger Texas, L.P., No. 3:22-CV-2085-S, 2023 WL 3362611, at *4 (N.D. Tex. May 10, 2023).